IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ICEBREAKER LIMITED, a New                    3:11-CV-00309-BR
Zealand corporation,

       Plaintiff,                      OPINION AND ORDER

v.

GILMAR S.P.A., an Italian
corporation,

       Defendant.


**SCOTT D. EADS**
**KRISTINA J. HOLM**
Perkins Coie, LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128
(503) 727-2192

**JAMES L. VANA**
Perkins Coie, LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101-3099
(206) 359-3036

       Attorneys for Plaintiff


1 - OPINION AND ORDER

**STEVEN T. LOVETT**
**STEVEN E. KLEIN**
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9364

**JOHN C. BLATTNER**
**MICHELLE R. HEIKKA**
**AIMEE R. GIBBS**
**JANE M. FEDDES**
Dickinson Wright PLLC
301 E. Liberty St.
Suite 500
Ann Arbor, MI 48104-2266
(734) 623-1653

**PAUL M. MERSINO**
Butzel Long, a Professional Corporation
150 West Jefferson Avenue
Suite 100
Detroit, MI 48226-4452
(313) 225-7000

**REGINA M. ALTER**
**ROBERT D. PILIERO**
Butzel Long, a Professional Corporation
380 Madison Avenue
22nd Floor
New York, NY 10017
(212) 818-1110

        Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Icebreaker Limited's Motion (#115) for Attorney Fees and Non-Taxable Expenses and Plaintiff's Bill of Costs (#113).

    For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Attorney Fees and Non-Taxable Expenses.  The Court

2 - OPINION AND ORDER

awards costs to Plaintiff in the amount of **$16,184.54**.[1]

## BACKGROUND

On March 11, 2011, Plaintiff Icebreaker Limited filed a Complaint for Declaratory Judgment of No Trademark Infringement in this Court in which it sought a declaration that its use of the ICEBREAKER trademark is not infringing any rights owned by Defendant Gilmar S.P.A. in its ICE trademarks and a declaration that Defendant ceased using trademarks in certain Cancellation Registrations and, as a result, abandoned those marks.[2]

On May 31, 2011, Defendant filed an Answer, Affirmative Defenses, and Counterclaims in which it, among other things, counterclaimed for trademark infringement in violation of 15 U.S.C. § 1114, unfair competition in violation of 15 U.S.C. § 1125(a), common-law trademark infringement, and common-law unfair competition.

On May 11, 2012, Plaintiff filed a Motion for Summary Judgment on the ground of "no trademark infringement" and a Motion for Partial Summary Judgment on the ground of "no damages."

On July 18, 2012, Plaintiff filed a Reply in support of its

---

[1] See Exhibit 1 for calculation of the amount of costs awarded by the Court.

[2] Defendant conceded it ceased using the trademarks in certain Cancellation Registrations referred to by Plaintiff.

Motion for Partial Summary Judgment in which Plaintiff objected to portions of the Declaration and Supplemental Report of Jay Sickler filed by Defendant in support of its Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment.

On August 8, 2012, the Court heard oral argument on Plaintiff's objections to Sickler's Declaration and Supplemental Report.  At oral argument Plaintiff withdrew the portion of its Motion for Partial Summary Judgment related to lack of profits, and the Court granted Plaintiff leave to renew that part of its Motion after the Court resolved Plaintiff's Motion for Summary Judgment regarding infringement and the remaining portion of Plaintiff's Motion for Partial Summary Judgment.

On September 7, 2012, the Court heard oral argument on Plaintiff's Motion for Summary Judgment (No Trademark Infringement) and the remaining portion of Plaintiff's Motion for Partial Summary Judgment (No Damages).  The Court directed Plaintiff to file a five-page summary of its argument no later than September 10, 2012, and Defendant to file a five-page summary of its argument no later than September 13, 2012

On November 26, 2012, the Court issued an Opinion and Order in which it granted Plaintiff's Motion for Summary Judgment (No Trademark Infringement) and denied as moot the still pending portion of Plaintiff's Motion for Partial Summary Judgment (No Damages).  Also on November 26, 2012, the Court entered a

Judgment dismissing this matter with prejudice.

On December 12, 2012, Plaintiff filed a Motion for Attorney Fees and Non-Taxable Expenses and a Bill of Costs.  The Court took Plaintiff's Motion for Attorney Fees and Bill of Costs under advisement on January 14, 2013.

## PLAINTIFF'S MOTION (#115) FOR ATTORNEY FEES AND NON-TAXABLE EXPENSES

In its Motion for Attorney Fees and Non-Taxable Expenses Plaintiff seeks $692,341.40 in attorneys' fees and nontaxable expenses in the amount of $15,175.48.

**I.   Standards**

The Lanham Act provides "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  The Lanham Act also allows recovery of expenses incurred by a party that are not taxable as costs, but are recoverable as ancillary to a statutory award of attorneys' fees under § 1117(a).  *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 690 (9th Cir. 2012).  An award of attorneys' fees is within the court's discretion when the "exceptional case" requirement is met.  *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825 (9th Cir. 1997).  Although the Lanham Act "nowhere defines what makes a case 'exceptional,'" *id.*, the Ninth Circuit has "held that this requirement is met when the case is

*either* groundless, unreasonable, vexatious, or pursued in bad faith." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002)(emphasis in original).  The "'exceptional circumstances' requirement [is construed] narrowly." *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008).

## II. Discussion

Plaintiff contends it is entitled to attorneys' fees in this matter because it is the prevailing party and this is an exceptional case.  Specifically, Plaintiff notes the Court concluded in its Opinion and Order on summary judgment that none of the *Sleekcraft* factors favored Defendant and seven of the eight *Sleekcraft* factors favored Plaintiff.

Defendant does not dispute Plaintiff is the prevailing party as to Plaintiff's Claims and Defendant's Counterclaims, but contends this is not an exceptional case because Defendant's Counterclaims were not brought in bad faith and were not groundless, unreasonable, or vexatious.

"The line distinguishing exceptional cases from non-exceptional cases is far from clear.  It is especially fuzzy where the [a party] prevails due to [the opposing party's] failure of proof." *Secalt*, 668 F.3d at 687.  The Ninth Circuit has held "an action is exceptional under the Lanham Act if [a party] has no reasonable or legal basis to believe in success on the merits" or, "[i]n other words, exceptional cases include

6 - OPINION AND ORDER

instances where [a party's] case is frivolous or completely lacking in merit." *Id.* (citing *Cairns*, 292 F.3d at 1156).

"Because the exceptional circumstances warranting attorneys' fees are disjunctive[,] . . . 'the mere absence of bad faith on [the defendant's] part does not render [the plaintiff] ineligible for attorneys fees.'" *Am. Optometric Soc., Inc. v. Am. Bd. of Optometry, Inc.*, No. CV10-03983 AHM (FFMx), 2012 WL 6012861, at *1 (C.D. Cal. Dec. 3, 2012)(quoting *Stephen W. Boney*, 127 F.3d at 827). For example, in *Cairns* the district court found the plaintiff's false-advertisement claim was "groundless and unreasonable because the statements in the advertisements at issue were true and the [plaintiff] had no reasonable basis to believe they were false"; found the plaintiff's trademark dilution claim was "groundless and unreasonable because it had no legal basis, having been based on an absurd and just short of frivolous" premise; and granted summary judgment to the defendant. *Cairns*, 292 F.3d at 1156. The district court concluded the plaintiff did not bring the action in bad faith, but it was, nevertheless, an "exceptional case" because the plaintiff's claims were groundless, unreasonable, and nearly frivolous. Accordingly the district court awarded attorneys' fees to the defendant. The Ninth Circuit affirmed. *Id.*

Similarly, in *Secalt* the Ninth Circuit affirmed an award of attorneys' fees to the defendant when the district court granted

summary judgment in the defendant's favor and "there was an utter failure of proof" as to the plaintiff's trade-dress infringement claim.  668 F.3d at 688-89.  The Ninth Circuit noted the plaintiff "could not identify the aesthetic value of the exterior design," the plaintiff's witnesses "at best offered unsupported or conclusory claims about the design," and a district court in another jurisdiction had previously found there was not any evidence to support the same claim.  *Id.* at 688.  The court also noted "[f]atal to [the plaintiff's] claim was the testimony of its own witnesses who honestly laid out the functional nature of the design."  *Id*.  Significantly, the Ninth Circuit noted even though the plaintiff did not prevail on its claim, if "it [had been] able to provide some legitimate evidence of nonfunc-tionality, this case would likely fall on the unexceptional side of the dividing line."  *Id*.

In contrast, when the Ninth Circuit has affirmed a denial of attorneys' fees based on a finding that the case was not exceptional, the key factors appear to be that the party against whom attorneys' fees are sought "raised debatable issues" and had a legitimate reason for bringing its claims.  *See, e.g., Applied Info. Science Corp. v. Ebay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007)(court affirmed the denial of attorneys' fees when the district court found the plaintiff had not acted capriciously and had not intended to harass the defendant or to bring a meritless

case); *Mewborn*, 532 F.3d at 990-91 (court affirmed the denial of attorneys' fees for defending false advertising claim when the district court found the claim "involved close questions in an unsettled area of the law" and, therefore, was not "groundless or unreasonable"). In *Stephen W. Boney* the Ninth Circuit noted even though the prevailing defendant contended the plaintiff had filed the trademark-infringement action in order to harass the defendant, the plaintiff stated his purpose was to preserve his right to use the name at issue and "he did not intend to create hardship for or otherwise damage" the defendants. 127 F.3d at 827. The Ninth Circuit stated "[n]othing in the record persuades us that [the plaintiff's] purpose was other than this legitimate objective." *Id.* The court also noted the action "was not frivolous and raised debatable issues of law and fact." *Id. See also Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, No. C 08-5016 SBA, 2010 WL 8500520, at *4 (N.D. Cal. Sept. 20, 2010) (court denied the defendant's motion for attorneys' fees because the plaintiff's reason for bringing the action was to protect its goodwill, which was "a legitimate [reason]," and even though the court ultimately rejected the plaintiff's contentions, that did not mean the action was frivolous).

This case is similar to *Applied Information, Stephen W. Boney,* and *Sand Hill*. As Defendant noted at summary judgment, it has filed trademark-infringement claims before the Trademark

Trial and Appeal Board (TTAB) and in other jurisdictions:  Spain
(2003), the European Union (2004), Russia (2006), Poland (2008),
Canada (2009), and Macao (2011) and some of those proceedings
were decided in Defendant's favor.  Although the Court noted at
summary judgment that decisions of the TTAB and other foreign
tribunals do not have authority or preclusive effect in this
action for purposes of determining infringement, the fact that
Defendant has achieved success in infringement actions against
Plaintiff in other jurisdictions suggests Defendant was not
acting vexatiously or frivolously when it brought its
Counterclaims here.  In addition, even though the Court granted
summary judgment in favor of Plaintiff, Defendant raised
complicated, close issues related to trademark infringement.

     On this record the Court concludes Defendant's Counterclaims
were not groundless or unreasonable, and there is not any
evidence that Defendant brought its Counterclaims in bad faith.
The Court, therefore, concludes this is not an exceptional case
within the meaning of 15 U.S.C. § 1117(a).  Accordingly, the
Court denies Plaintiff's Motion for Attorney Fees and Non-Taxable
Expenses.


## PLAINTIFF'S BILL OF COSTS (#113)

     Plaintiff requests costs in the amount of $22,332.07 for
filing fees, fees for service of summons and subpoena, court-

10 - OPINION AND ORDER

reporter fees, photocopying charges, scanning fees, and witness fees.

**I.   Standards**.

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit

11 - OPINION AND ORDER

an award of costs to those defined in 28 U.S.C. § 1920 unless
otherwise provided for by statute.  *Grove v. Wells Fargo Fin.
Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).  *See also
Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*,
920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v.
J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

**II.  Analysis.**

     As noted, Plaintiff requests costs in the amount of
$22,332.07 for filing fees, fees for service of summons and
subpoena, court-reporter fees, photocopying charges, scanning
fees, and witness fees.  Defendant objects to many of Plaintiff's
requested costs.

     **A.    Filing fees**

          Plaintiff seeks $450 for costs to file the Complaint
and an application to proceed *pro hoc vice*.  Defendant does not
object to these costs, and these costs are specifically allowed
under § 1920.  Accordingly, the Court awards costs of $450 to
Plaintiff for filing fees.

     **B.    Fees for service of summons and subpoena**

          Plaintiff seeks $4,652.37 for the cost of serving
process, which includes $2,087.50 for translation of the
Complaint in this matter from English to Italian and for
translation of the proof of service from Italian to English.

          Defendant objects to an award of costs for translation

12 - OPINION AND ORDER

services on the ground that § 1920(6) allows recovery of costs for interpreter services at trial, but it does not provide for translation costs generally.  Defendant relies on *Taniguchi* to support its objection.  In *Taniguchi* the Supreme Court addressed "whether 'compensation of interpreters' [under § 1920(6)] covers the cost of translating documents."  132 S. Ct. at 2000.  The Court concluded § 1920(6) does not include costs for translation of documents on the ground that

> [b]ecause the ordinary meaning of the word "interpreter" is a person who translates orally from one language to another, we hold that "compensation of interpreters" is limited to the cost of oral translation and does not include the cost of document translation.

*Id*.

Plaintiff contends its interpreter costs are allowed under § 1920(1), but it does not cite any authority for the proposition that translation costs are allowable under that provision.  The dissent in *Taniguchi* noted before the 1978 amendment to § 1920, which added § 1920(6), some courts awarded translation costs under § 1920(4), but such an approach seems implicitly rejected by the majority opinion.  In addition, this Court could not find any cases in which courts permitted an award for translation costs under § 1920.

Accordingly, the Court declines to award Plaintiff its costs of $2,087.50 for translation of the Complaint and proof of service.

13 - OPINION AND ORDER

Defendant does not object to Plaintiff's costs of $2,564.87 for service of the Complaint and various subpoenas, which are costs specifically allowed under § 1920. Accordingly, the Court awards costs of $2,564.87 to Plaintiff for service of the Complaint and process.

**C.    Fees for court reporter and other deposition costs**

Plaintiff seeks $11,983.76 in costs for court-reporter fees and other deposition costs. Defendant objects to Plaintiff's request for costs for videotaping the depositions of Stefano Bacchini and Tiziana Baldassari, for hearing transcripts, and for depositions that Plaintiff did not cite in its summary-judgment materials on noninfringement.

**1.    Videotaped depositions**

Plaintiff seeks costs in the amount of $1,998.91 for videotaping the depositions of Bacchini and Baldassari in addition to the cost of the court-reporter's transcript of the same depositions. Defendant points out that § 1920(2) allows costs for "printed *or* electronically recorded transcripts necessarily obtained for use in the case." Emphasis added.

Plaintiff asserts this district has allowed for the recovery of both written deposition transcripts and videotaped depositions. Plaintiff relies on *adidas America, Inc. v. Payless ShoeSource, Inc.*, No. 01-CV-1655-KI, 2009 WL 302246 (D. Or. Feb. 9, 2009), and *adidas America, Inc. v. Herbalife*

14 - OPINION AND ORDER

*Int'l,* No. 3:09-CV-00661-MO (D. Or. Sept. 5, 2012), to support
its assertion.

In *Payless* Judge Garr M. King allowed the
plaintiff costs for videotaped depositions.  2009 WL 302246, at
*3.  There is not any indication, however, that the plaintiff
sought the costs of videotaping depositions for which it had also
requested stenographic transcription.

In *Herbalife* the plaintiff sought the costs of
videotaped depositions for which the plaintiff also requested
stenographic transcription costs.  Judge Michael Mosman cited *In
re Ricoh Co., Ltd*. *Patent Litigation*, 661 F.3d 1361, 1370 (Fed.
Cir. 2011), and found "[t]he antagonistic milieu here, coupled
with the large-scale nature of this litigation, rendered both
video deposition and stenographic transcription costs
particularly necessary in this case."  The court, therefore,
allowed the plaintiff its costs for both videotaped depositions
and deposition transcripts.

In *Ricoh* the Federal Circuit affirmed a decision
by the Northern District of California in a patent case allowing
the plaintiff's requested costs for both videotaped and
transcribed depositions.  The Federal Circuit noted the Ninth
Circuit had not explicitly addressed the issue, but Northern
District of California Local Rule 54-3(c)(1) provides "[t]he cost
of an original and one copy of any deposition (including

15 - OPINION AND ORDER

videotaped depositions) taken for any purpose in connection with the case is allowable." 661 F.3d at 1370. Based on Local rule 54-3(c)(1) and the "commonplace practice in patent litigation of videotaping deponents," the Federal Circuit concluded the district court "did not exceed its authority . . . in taxing both the written transcription and the video of the depositions." *Id*. The court also noted its decision "comports with other circuit decisions interpreting section 1920(2)." *Id*. (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997), and *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005)). The Federal Circuit, however, also noted "district courts in the Northern District of California have reached divergent results interpreting Local Rule 54-3(c)(1) on whether the court can tax both the written transcript and the video of a deposition." *Id*. at 1370 n.5 (citations omitted).

The District of Oregon does not have a local rule analogous to the Northern District of California's Local Rule 54-3(c)(1). In fact, there is not any provision in this District's Local Rules for costs to be awarded for duplicate forms of record of deposition testimony. In addition, this matter did not sound in patent, and there is not any indication on the record that the parties were operating in a particularly antagonistic milieu. Accordingly, the Court declines to award to Plaintiff the cost of the videotaped depositions of Bacchini and Baldassari.

16 - OPINION AND ORDER

### 2.    Hearing transcripts

Plaintiff seeks $504.45 for the cost of obtaining hearing transcripts.  Defendant objects to these costs on the ground that Plaintiff fails to offer a reason as to why those transcripts were necessary for the prosecution of its case.

As noted, § 1920(2) permits recovery for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  In its Reply Plaintiff notes it obtained the transcripts at issue "to memorialize the agreement of the parties on various discovery disputes submitted to the Court, to ensure compliance with the Court's decision as to Plaintiff's Motion to Compel, and to complete supplemental briefing to the Court related to Plaintiff's Motion for Summary Judgment on the issue of trademark infringement."  The Court concludes Plaintiff has established these transcripts were reasonably necessary.

Accordingly, the Court awards $504.45 to Plaintiff for hearing transcripts.

### 3.    Deposition transcripts

Plaintiff seeks costs for a number of deposition transcripts.  Defendant objects to an award of costs to Plaintiff in the amount of $2,821.35 for transcripts of the depositions of Robert Wagner, Jay Sickler, and Stefania Miraglia on the ground that Plaintiff did not cite to any of their testimony in its

17 - OPINION AND ORDER

briefing on summary judgment regarding the issue of
noninfringement.

"In general, the mere fact that items are neither
introduced into evidence nor otherwise become part of the
official court record is not determinative of whether that item
was reasonably or necessarily obtained for use in the case."
*Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995)
(citing *Haagen-Dazs Co., Inc.,* 920 F.2d at 588)(allowing costs
for reproducing documents even though the documents were not
introduced as evidence to support summary-judgment motion)).
"This rule of general applicability extends to depositions, in
particular, such that the presence of a deposition in the record
'is not a prerequisite for finding that it was necessary to take
the deposition.'" *Id.* (quoting *Hudson v. Nabisco Brands, Inc.*,
758 F.2d 1237, 1243 (7th Cir. 1985), *overruled on other grounds
by Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir.
1989)). *See also Hutchens v. Hutchens-Collins*, No. CV-04-281-ST,
2007 WL 319990, at *3 (D. Or. Jan. 30, 2007)("This court agrees
with the Seventh Circuit that there are 'few, if any, situations
in which a defendant's costs from taking a plaintiff's deposition
in a private suit between individual litigants would not be
reasonably necessary for use in the case.'" (quoting *Hudson*, 758
F.2d at 1243)).

Here Plaintiff cited and relied on the testimony

18 - OPINION AND ORDER

of Wagner, Sickler, and Miraglia in Plaintiff's Motion for Partial Summary Judgment on the issue of damages. Plaintiff asserts the depositions of these individuals were necessary at the time they were taken because they were experts on damages; Defendant made a substantial request for damages; and Miraglia, in particular, was identified by Defendant as the person responsible for marketing in the United States.

The Court concludes on this record that Plaintiff has established it was reasonably necessary for Plaintiff to take the depositions of Wagner, Sickler, and Miraglia at the time they were taken. Accordingly, the Court awards $2,821.35 to Plaintiff for the cost of these deposition transcripts.

In summary, the Court awards $9,984.85 to Plaintiff for court-reporter fees and other deposition costs.

**D.   Printing**

Plaintiff seeks $2,880.65 for the cost of printing. Defendant objects to $111.50 of those costs for in-house copying charges and to $1,848.75 for various outside vendor charges because Plaintiff fails to establish why those copies were necessary for use in the case.

In its Reply Plaintiff makes clear that the charges at issue are for copies that were necessary for use in this case. For example, Plaintiff notes it obtained two copies of Wagner's expert file because Defendant specifically subpoenaed the file.

19 - OPINION AND ORDER

Similarly, Plaintiff notes it obtained one copy of pleadings for the prosecution of this case.  The Court finds these explanations sufficient.

Accordingly, the Court awards $2,880.65 to Plaintiff for printing costs.

### E.   Witness fees

Plaintiff seeks costs of $110 for witness fees. Defendant does not object to these costs, and they are specifically allowed under § 1920.  Accordingly, the Court awards $110 to Plaintiff for witness fees.

### F.   Fees for exemplification and scanning

Plaintiff seeks costs of $2,235.29 for exemplification and scanning.  Defendant does not object to $174.17 of these costs for processing documents.  Defendant, however, objects to $258 of the scanning costs on the ground that the cost of labor expended in scanning documents is generally not taxable under § 1920.  Defendant also objects to the remaining scanning costs on the ground that Plaintiff fails to establish that scanning was necessary to prosecute this matter.

#### 1.   Labor costs

Defendant relies on *Hunt v. City of Portland* to support its contention that labor costs for scanning are not taxable under § 1920.  In *Hunt* Magistrate Judge John Acosta disallowed the portion of the defendant's copying costs that

20 - OPINION AND ORDER

included the labor to scan documents.  No. CV 08-802-AC, 2011 WL 3555772, at *12 (D. Or. Aug. 11, 2011).  Magistrate Judge Acosta noted labor costs "typically are not separately recoverable costs because they are considered part of an attorney's overhead."  *Id*. (citing *Key Bank Nat. Ass'n v. Van Noy*, 598 F. Supp. 2d 1160 1165-66 (D. Or. 2009)).  Specifically, the court noted the fact that the defendant "hired a third-party vendor to scan, copy, and number documents does not convert into an item of recoverable cost an expense which, when performed by a party's attorney's staff, would not be recoverable under Rule 54."  *Id*.

The Court finds the reasoning of *Hunt* to be sensible and persuasive.  Accordingly, the Court declines to award $258 to Plaintiff for labor costs of scanning documents.

## 2.  Remaining scanning costs

Defendant objects to the remaining costs for scanning on the ground that Plaintiff fails to establish the necessity of scanning those documents.  In its Memorandum in Support of Plaintiff's Bill of Costs, Plaintiff states only that scanning was done "in order to prepare its case effectively."  In addition, the supporting documentation provided by Plaintiff either does not contain any information as to the purpose for which the documents were scanned or, with the exception of one receipt, contains the notation ""process client documents for attorney review."  Plaintiff does not provide further specific

explanation for the remaining scanning costs in its Reply.

Recoverable costs generally "do not include extra copies of filed papers, correspondence, and copies of cases [when] these are prepared for the convenience of the attorneys." *United States ex rel. Berglund v. Boeing Co.*, No. 03:02-cv-193-AC, 2012 WL 697140, at *4 (D. Or. Feb. 29, 2012)(quotation omitted).  In addition, a request for costs is not sufficiently supported by a conclusory assertion that the costs were necessarily incurred for prosecution of an action.  *See, e.g., Berglund*, 2012 WL 697140, at *4; *Key Bank*, 598 F. Supp. 2d at 1168.

Accordingly, the Court declines to award Plaintiff the remaining costs for scanning documents.  In summary, the Court awards $174.17 to Plaintiff for scanning.

<u>**CONCLUSION**</u>

For these reasons, the Court **DENIES** Plaintiff's Motion (#115) for Attorney Fees and Non-Taxable Expenses and **AWARDS** costs to Plaintiff in the amount of **$16,184.54**.

IT IS SO ORDERED.

DATED this 20th day of February, 2013.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

22 - OPINION AND ORDER